[Cite as *State v. McHugh*, 2020-Ohio-1024.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                  No. 108372

v.                                      :

SCOTT A. MCHUGH, JR.,                   :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631893-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian D. Kraft, Assistant Prosecuting Attorney, *for appellee.*

Edward M. Heindel, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Scott McHugh, Jr., appeals his eight-year sentence for aggravated vehicular homicide and driving while under the influence. He raises one assignment of error for our review:

McHugh's sentence was contrary to law because the trial court did not fully and properly consider the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

{¶ 2} Finding no merit to his assigned error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} In August 2018, McHugh was indicted on two counts of aggravated vehicular homicide and one count of driving while under the influence after he struck and killed a 21-year-old victim on an electric scooter on E. 9th Street in downtown Cleveland. The victim had been on a scavenger hunt with friends that evening. At the time of the crash, McHugh had overdosed on heroin and "passed out at the wheel." According to the state, McHugh was travelling at an estimated speed of about 70 m.p.h. when he hit the victim on her scooter.

{¶ 4} In February 2019, McHugh withdrew his former plea of not guilty and entered into a plea deal offered by the state. McHugh pleaded guilty to an amended indictment of one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a second-degree felony, and one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. The trial court ordered that a presentence investigation be completed before sentencing.

{¶ 5} Defense counsel spoke to the court at sentencing. He indicated that McHugh had expressed his genuine sorrow from the "very outset" of the case. Defense counsel explained that McHugh had been addicted to heroin "for a period of time" before the accident. According to defense counsel, McHugh had been trying

to address his heroin addiction at an inpatient treatment facility before the accident occurred. The accident occurred while McHugh was out of the treatment facility on a "weekend pass."

{¶ 6} McHugh expressed his sorrow to the family, acknowledging that nothing he could say would be adequate. McHugh stated that he hoped to work with addicts when he got out of prison to prevent similar tragedies from occurring.

{¶ 7} The state explained that aggravated vehicular homicide carried mandatory prison time of two to eight years as well as a mandatory driver's license suspension for life. The victim's niece and mother then spoke to the court.

{¶ 8} The trial court stated that it received and reviewed the presentence investigation report. It further stated that it had reviewed "the letters submitted by the victim's family." In choosing what sentence to impose, the court stated that it "considered all the information, all the principles and purposes of felony sentencing and all the appropriate recidivism and seriousness factors." The court explained that when "there is a death, the law is always inadequate" because "[j]ustice can't bring the person back to the family." It further stated that its "goal" was to "serve those principles and purposes and give some solace to the people whose lives" were destroyed by McHugh's actions. The trial court further stated that this tragedy affected the family, everyone in the courtroom, and the entire community.

{¶ 9} The trial court sentenced McHugh to eight years in prison for aggravated vehicular homicide and six months in the county jail for driving under the influence, and ordered that the sentences be served concurrent to each other.

The trial court also suspended McHugh's driver's license for life, imposed a $1,075 fine, and ordered McHugh to pay court costs. The trial court further advised McHugh that he would be subject to a mandatory period of three years of postrelease control upon his release from prison. It is from this judgment that McHugh now appeals.

## II. R.C. 2929.11 and 2929.12

{¶ 10} McHugh argues that in imposing the maximum prison term, "the trial court did not properly consider the purposes and principles of sentencing" under R.C. 2929.11 or "the serious and recidivism factors" under R.C. 2929.12. He asks this court "to reduce the length of his prison term."

{¶ 11} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of felony sentences is not for an abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D), R.C. 2929.14(C)(4), or R.C. 2929.20(I)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* The Ohio Supreme Court has further explained:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 12} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶ 13} R.C. 2929.11(A) states that when sentencing an offender for a felony, the trial court shall be guided by the overriding purposes of felony sentencing, which are (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 14} R.C. 2929.11(B) requires the court to impose a sentence that "shall be reasonably calculated to achieve the three overriding purposes of felony

sentencing * * *." Further, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and be "consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 15} R.C. 2929.12 sets forth a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

{¶ 16} McHugh maintains that the trial court did not properly consider the mitigating factors when sentencing him. He states:

> [He] was a young man with no criminal history. He had suffered from depression and had battled opiate addiction for much of his life. He had completed his high school education and lived with his parents. This was a tragic situation, but considering McHugh's lack of criminal history, he should have received a sentence less than the maximum. He expressed sincere remorse and seemed to understand the gravity of his crime. He also had a supportive family around him.

He contends that "[g]iven all of these factors, the trial court should have imposed a prison term lower than the maximum."

{¶ 17} First, we note that a trial court is permitted to impose the maximum sentence for an offense without making any statutory findings, as long as it considers all of the mandatory sentencing provisions. *State v. Foster*, 109 Ohio St.3d 1, 2006-

Ohio-856, 845 N.E.2d 470, paragraph two of the syllabus. Before *Foster*, this was not the case.

{¶ 18} Former R.C. 2929.14(B), enacted by S.B. 2 and in effect prior to the decision in *Foster*, stated:

> [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, *the court shall impose the shortest prison term authorized for the offense* pursuant to division (A) of this section [setting forth the basic ranges], unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

(Emphasis added.)

{¶ 19} Former R.C. 2929.14(C), also enacted by S.B. 2 and in effect prior to *Foster*, stated in pertinent part:

> [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * *only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes*, upon certain major drug offenders[,] and upon certain repeat violent offenders."

(Emphasis added.)

{¶ 20} Thus, under S.B. 2, there was a presumption that the minimum sentence should be imposed for offenders who had never been to prison. To impose more than the statutory minimum or the statutory maximum prison sentence, the

trial court judge had to make the findings set forth in former R.C. 2929.14(B) and (C).

{¶ 21} In *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, however, the Ohio Supreme Court found that the findings under former R.C. 2929.14(B) and (C) amounted to judicial fact-finding that was unconstitutional because the judge, rather than a jury, made the findings that enhanced a sentence. *Id.* at paragraph one of the syllabus. The Supreme Court determined that such judicial findings violated a defendant's Sixth Amendment right to trial by jury. The Supreme Court's remedy was to sever the offending provisions from the sentencing statutes. *Id.* at paragraph two of the syllabus. Essentially, after severance, the Supreme Court stated that a trial court was free to impose the minimum prison term, the maximum prison term, or anywhere in between the two. *Id.*

{¶ 22} Notably, when the General Assembly revived the required consecutive sentencing provision in H.B. 86, which was previously set forth in former R.C. 2929.14(E) and is now in R.C. 2929.14(C)(4), it did not revive former R.C. 2929.14(B) and (C). Thus, *Foster* is still good law regarding a trial court's discretion to impose a sentence within the statutory range of an offense as long as it considers the general sentencing guidance statutes, i.e., the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. "It is important to note[, however,] that there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42.

{¶ 23} Here, the trial court was aware of the mitigating factors that McHugh highlights on appeal. The trial court stated that it received and considered the presentence investigation report. It also said that it "considered all the information, all the principles and purposes of felony sentencing and all the appropriate recidivism and seriousness factors." But then the trial court indicated that it also considered the victim, the victim's family's remarks, and the pain that McHugh caused the victim's family.

{¶ 24} In this case, the trial court specifically stated that it considered the pertinent sentencing factors before imposing McHugh's sentence. Based upon the trial court's comments, it found that McHugh's actions of overdosing on heroin while driving a vehicle, which caused the death of a young victim, outweighed any of the mitigating factors. After reviewing the record, we find that the record clearly and convincingly supports the trial court's sentence of eight years in prison.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR