[Cite as *State v. Carswell*, 2021-Ohio-2839.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110033 |
| v. | : | |
| ANDRE CARSWELL, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** August 19, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647567-A and CR-20-650723-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Erin E. Hanson, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Andre Carswell ("Carswell") appeals his prison sentence, and asks this court to vacate his sentence and remand to the trial court for resentencing. We affirm Carswell's prison sentence, and remand to the trial court

for the limited purpose to issue a nunc pro tunc entry incorporating its findings for the consecutive sentences into its journal entries.

{¶ 2} While on postrelease control in Cuyahoga C.P. Nos. CR-17-614742-A and CR-17-616317-A, Carswell was indicted in Cuyahoga C.P. Nos. CR-20-647567-A and CR-20-650723-A, and pleaded guilty in both. In the first case, Carswell pleaded guilty to one count of drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A), and in the second case, Carswell pleaded guilty to one count of domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A). The trial court sentenced Carswell to 12 months' imprisonment for drug possession and 18 months' imprisonment for domestic violence. The trial court ordered that the sentences be served consecutive to each other for a total of 30 months' imprisonment. Because Carswell was under postrelease control for a previous case, his probation was terminated and he was sentence to 12-months' imprisonment to run consecutive to his current cases.[1]

I.    Facts and Procedural History

{¶ 3} On January 7, 2020, Carswell was involved in a traffic stop where he was pulled over by police officers for traveling at a high rate of speed. The officers observed several rocks of crack cocaine in the vehicle, and Carswell was arrested and charged with drug possession. While out on bond for the drug possession case, Carswell was arrested on May 17, 2020, for domestic violence. While driving,

---

[1] Probation cases Cuyahoga C.P. Nos. CR-17-614742-A and CR-17-616317-A are not the subject of this appeal.

Carswell was involved in a verbal altercation with the victim, who was three months pregnant, and started punching her several times in the face. Witnesses to the physical altercation called 911 and described Carswell beating up the victim while her head was pinned down in the seat. Another 911 caller feared that Carswell was going to kill the victim during the severe beating.

{¶ 4} Carswell was arrested, and while in jail, he made several recorded phone calls to the victim. During these phone calls, Carswell told the victim she should have lied to the police, and stated that he was going to beat her unless she gets him out of jail by getting the protection order against him lifted. Carswell also gave the victim two different versions of the domestic violence offense that the victim could tell the prosecutor's office to explain her injuries.

{¶ 5} On August 13, 2020, Carswell pleaded guilty in both cases, and the trial court sentenced him to the maximum sentence on each case and ran the sentences consecutively. Carswell filed this appeal and assigned two errors for our review:

I.    The trial court's imposition of maximum sentences was contrary to law; and,

II.    The trial court erred by imposing consecutive sentences.

## II.    Maximum Sentences

### A.    Standard of Review

{¶ 6} We review felony sentences in accordance to R.C. 2953.08(G)(2), which states that "an appellate court may vacate or modify a felony sentence on

appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.

**{¶ 7}** A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. Thompson*, 8th Dist. Cuyahoga No. 105785, 2018-Ohio-1393, ¶ 7, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶ 8}** "The record must indicate that the trial court considered all relevant factors required by R.C. 2929.11 and 2929.12, but the trial court has no obligation to state reasons to support its findings." *State v. Evans*, 8th Dist. Cuyahoga No. 109619, 2021-Ohio-1411, ¶ 13, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

## B. Law and Analysis

**{¶ 9}** Carswell argues that the trial court erred in sentencing him to the maximum sentence in the drug possession case. Specifically, Carswell contends that the trial court did not make any findings regarding the seriousness of his conduct, nor did the trial court find that the 12-month sentence is consistent with sentences imposed for similar crimes by similar offenders.

{¶ 10} R.C. 2929.11(A) states:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 11} "A sentence is contrary to law if * * * the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, ¶ 11, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. "R.C. 2929.11 and 2929.12 are not fact-finding statutes." *Id.*

{¶ 12} R.C. 2929.12 presents an exhaustive list of sentencing factors that the trial court must consider. The trial court must consider the factors "relating to the seriousness of the conduct" of the offender, the factors "relating to the likelihood of the offender's recidivism," and the factors "pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "The sentencing court shall consider all of the [factors] that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). "The sentencing court shall consider all of the [factors] that apply regarding the

offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C). "The sentencing court shall consider all of the [factors] that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes" R.C. 2929.12(D).

{¶ 13} "Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence." *Id.* at ¶ 11, citing *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15. "A trial court's general statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Taylor* at ¶ 11, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4. "And because courts have full discretion to impose sentences within the statutory range, a sentence imposed within the statutory range is 'presumptively valid' if the court considered the applicable sentencing factors." *Id.*, citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶ 14} At sentencing, the trial court stated, "[t]he Court has considered the seriousness and recidivism factors and the principles and purpose of our sentencing statutes." (Tr. 27.) In its journal entry, the trial court stated, "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Journal entry No. 114496535 (Sept. 17, 2020).

{¶ 15} Additionally, Carswell was sentenced to 12 months' imprisonment for a fifth-degree felony. "For a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). Carswell was also sentenced to 18 months for a fourth-degree felony. "For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). The trial court imposed a sentence within the statutory range, properly applied postrelease control, and stated that it considered all of the applicable sentencing factors. Because the trial court is not required to place its findings on the record, we determine that the trial court did not err in sentencing Carswell to the maximum sentence.

{¶ 16} Carswell's first assignment of error is overruled.

## III. Consecutive Sentences

### A. Standard of Review

{¶ 17} "An appellate court must conduct a meaningful review of the trial court's sentencing decision." *State v. McHugh*, 8th Dist. Cuyahoga No. 108372, 2020-Ohio-1024, ¶ 11.

> R.C. 2953.08(G)(2) provides that appellate courts "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the reviewing court "clearly and convincingly" finds that (a) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (b) "the sentence is otherwise contrary to law."

*State v. Williams*, 8th Dist. Cuyahoga No. 108904, 2020-Ohio-1622, ¶ 17.

**B.    Law and Analysis**

{¶ 18}  In Carswell's second assignment of error, he argues that the trial court erred by imposing consecutive sentences.  Carswell contends that the trial court failed to make the necessary statutory findings at Carswell's sentencing hearing and incorporate them into the journal entry.

{¶ 19}  R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
>> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>>
>> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>>
>> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} "'In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4).'" *Williams* at ¶ 39, quoting *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. "The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *Id.* at ¶ 40, citing *Gohagan* at ¶ 29. R.C. 2929.14(C)(4)." However, the trial court does not need to state the statutory requirements verbatim. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 21} At Carswell's sentencing hearing, the trial court stated,

> I find your criminal history shows that consecutive terms are needed to protect the public. I find the total sentence of 30 months is not disproportionate to the amount of harm in this case.
>
> The victim's face was bloody and beaten and then there were harassing calls made from the jail demanding her assistance and changing her story.

(Tr. 31.)

{¶ 22} The trial court also found that Carswell committed these crimes "while on post-release control on Case 614742 and 616317." (Tr. 27.) Additionally, the trial court determined that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court stated,

I've tallied up the number of prior cases in Cuyahoga County Common Pleas Court, and these are his 29th and 30th cases. Just do a little quick math, we've spent probably somewhere between 15- and $20,000 just on assigned counsel fees over the years for Mr. Carswell let alone all of the ancillary costs to the system of justice, the police officers, medical expenses due to violence. * * *

Now, violence to a victim, numerous histories of domestic violence, a criminal history of 30 years, several chances on community control, which almost every one resulted in regret by the judge granting it and the imposition eventually of a prison term, the commission of these two acts while on post-release control, the commission of the domestic violence after he was out on bond for the drug possession leads me and any other human being with a small, barely functioning brain to conclude that Mr. Carswell should not be eligible to walk free among civilized society, frankly, ever again.

Mr. Carswell, you are — appear to be pathologically incapable of living peaceably in a law-abiding manner amongst the community.

(Tr. 28-30.)

**{¶ 23}** Based upon our meaningful review of the trial court's sentencing judgment, we clearly and convincingly find that the record supports the trial court's findings under R.C. 2929.14(C)(4). However, the trial court failed to incorporate its consecutive-sentence findings in the journal entries. The state acknowledges and concedes this error as well.

A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 (where notification of postrelease control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentence may be corrected by a nunc pro tunc entry without a new sentencing hearing).

*Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30.

{¶ 24} After thoroughly reviewing the record, we find that the trial court did not err when it imposed consecutive sentences upon Carswell. The trial court made the required findings for the imposition of consecutive sentences and the court's findings are supported by the record. However, we remand the matter for the sole purpose of the trial court issuing a nunc pro tunc entry incorporating its findings for consecutive sentences into its sentencing journal entry.

{¶ 25} Carswell's second assignment of error is overruled.

{¶ 26} Judgment affirmed. This case is remanded for the limited purpose of having the trial court issue a nunc pro tunc entry incorporating its consecutive-sentence findings into its sentencing journal entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR