[Cite as *State v. Batiste*, 2021-Ohio-4014.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                            No. 110294

    v.                            :

TAIWAN BATISTE,                         :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636866-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alaina Hagans, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

MARY J. BOYLE, A.J.:

**{¶ 1}** Defendant-appellant, Taiwan Batiste, appeals his sentence. He raises one assignment of error for our review:

> The trial court abused its discretion by imposing a maximum prison sentence contrary to R.C. 2929.14 and the purposes and principles of felony sentencing guidelines.

{¶ 2} Finding no merit to the assignment of error, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3} This is the second time that Batiste has appealed his sentence. As we explained in *State v. Batiste*, 2020-Ohio-3673, 154 N.E.3d 1220, ¶ 3 (8th Dist.), the underlying charges stem from January 2018. Batiste first broke into and stole property from a vehicle parked near the Beachland Ballroom and Tavern in Cleveland. *Id.* He then approached two females who were walking to their vehicle after attending an event at Beachland. *Id.* He approached them from behind while wearing a ski mask and dark clothing. *Id.* He told them, "'[d]on't look back or I'll shoot.'" *Id.* He took from them a purse, a cell phone, and a backpack. *Id.* He threatened the victims by telling them, "I have a gun. I'm going to shoot you. Don't turn around." *Id.* The victims told law enforcement that he fled in a dark-colored vehicle. *Id.* Forty minutes later, law enforcement located Batiste in a vehicle matching the description, and a purse belonging to one of the victims was on the front seat. *Id.* at ¶ 4. They searched Batiste and found one of the victim's driver's license and debit card. *Id.*

{¶ 4} Batiste pleaded guilty to an amended indictment of two counts of robbery in violation of R.C. 2911.02(A)(1), second-degree felonies, one with a one-year firearm specification; two counts of abduction in violation of R.C. 2905.02(A)(2), third-degree felonies; and two counts of theft in violation of R.C. 2913.02(A)(1), fifth-degree felonies. The trial court sentenced Batiste to a

cumulative prison term of 24 years. This court found that the record did not support the trial court's imposition of consecutive sentences, vacated the sentences, and remanded for resentencing. *Id.* at ¶ 27.

{¶ 5} On remand, the trial court held a resentencing hearing. One of the victims spoke to share how Batiste's crime has affected her life. She explained that she did not speak at Batiste's original sentencing because she "was really scared," and that "it took a lot" for her to decide to speak at the resentencing hearing. The victim said that she and the other victim, her friend, had attended an event at Beachland and were walking from the venue to their car. She explained that Batiste and "a man in an SUV" were "waiting on a side street" and "ambushed" her and her friend as they turned around a corner. She said that Batiste "took everything" that they had and left "thinking that they had stranded" the victims. She explained that "luckily," her friend had her car key on a lanyard around her neck that Batiste did not see, so they were able to drive to a gas station to call the police. She stated that the police found their belongings by tracking their phones. She explained that Batiste and the other male used her credit card "at a wing place" and then withdrew $200 in cash from Walgreens. She said she was not able to pay rent until she "was able to get that money back."

{¶ 6} The victim explained that she and her friend think about the crime "all the time" and that it has affected them "a lot." She said that she "can't leave the house without thinking about it." She stated that she did not "want anybody else to

have to carry this around and be scared to leave their house," to "go and do things," and to walk to their car.

{¶ 7} The trial court sentenced Batiste to a total sentence of nine years in prison and a total fine of $1,500: for the first count of robbery, $250 and eight years, plus one year for the firearm specification; for the second count of robbery, $250 and eight years; for each count of abduction, $250 and three years; and for each count of theft, $250 and one year. The trial court ordered the sentences to run concurrently. The trial court stated that Batiste will be subject to three years of mandatory postrelease control and explained the consequences if he were to violate the terms of postrelease control.

{¶ 8} Batiste timely appealed.

## II. Law and Analysis

{¶ 9} In his sole assignment of error, Batiste argues that the trial court abused its discretion when it imposed the maximum prison sentence. He maintains that there is "no basis" for the maximum sentence because he had no previous felony convictions as an adult, he took responsibility for his conduct, he did not injure anyone, and "a gun was not found and allegedly not used." He contends that his sentence is therefore excessive and disproportionate to his crime.

{¶ 10} "An appellate court must conduct a meaningful review of the trial court's sentencing decision." *State v. McHugh*, 8th Dist. Cuyahoga No. 108372, 2020-Ohio-1024, ¶ 11. For felony sentences, an "appellate court's standard for review is not whether the sentencing court abused its discretion."

R.C. 2953.08(G)(2). Instead, R.C. 2953.08(G)(2) provides that appellate courts "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the reviewing court "clearly and convincingly" finds that (a) "the record does not support the sentencing court's findings" under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I) — statutory provisions that are not at issue here — or that (b) "the sentence is otherwise contrary to law."

{¶ 11} "In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4)." *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28.

{¶ 12} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Batiste challenges the trial court's findings under both R.C. 2929.11 and 2929.12.

{¶ 13} R.C. 2929.11(A) states that when sentencing an offender for a felony, the trial court shall be guided by the overriding purposes of felony sentencing, which are (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, "the sentencing court shall consider the need for

incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶ 14} R.C. 2929.11(B) requires trial courts to impose sentences that "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing[.]" The sentences must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and be "consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 15} R.C. 2929.12 sets forth a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D). The trial court must also consider factors tending to show that the "offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C).

{¶ 16} Trial courts do not need to make factual findings on the record pursuant to R.C. 2929.11 or 2929.12 before imposing a sentence within the statutory range of an offense, as long as the trial court "considers" the statutory factors. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and

two of the syllabus; *McHugh*, 8th Dist. Cuyahoga No. 108372, 2020-Ohio-1024, at ¶ 17; *State v. Cooke*, 8th Dist. Cuyahoga No. 108824, 2020-Ohio-2725, ¶ 55-60. "Consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. "This court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Kronenberg* at ¶ 27.

{¶ 17} Here, the trial court sentenced Batiste to eight years for each of the two counts of robbery, second-degree felonies; three years for each of the two counts of abduction, third-degree felonies; and one year for each of the two counts of theft, fifth-degree felonies. These sentences were within the statutory ranges. R.C. 2929.14(A). The trial court's resentencing judgment entry also states that the court "considered all required factors of the law" and that "prison is consistent with the purpose of R.C. 2929.11."

{¶ 18} Batiste argues that there is no basis in the record to support his sentence, and he highlights facts in the record to maintain that his sentence is contrary to R.C. 2929.11 and 2929.12. We cannot reach the merits of this argument. *See State v. Evans*, 8th Dist. Cuyahoga No. 110253, 2021-Ohio-3679, ¶ 15; *State v. Levinson*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 21. But even if we could, we would find no error. While wearing a ski mask and announcing that he had a gun, Batiste "ambushed" two females, took all their belongings, threatened to shoot them, meant to leave them stranded, and spent their money. Batiste argues

that he did not actually have a gun, but the victims did not know that, and he threatened to shoot them if they turned around. Even though he did not physically injure the victims, he caused them extreme psychological harm. One of the victims explained that she and the other victim think about the crime "all the time" and that they are afraid to leave their homes. We clearly and convincingly find that the record supports the sentence that the trial court imposed.

{¶ 19} Accordingly, we overrule Batiste's sole assignment of error.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR