[Cite as *State v. Eckelberry*, 2024-Ohio-920.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2023-0038 |
| JOSEPH G. ECKELBERRY | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2022-0328 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 13, 2024 |

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

BRIAN W. BENBOW
BENBOW LAW OFFICES, LLC
803 Taylor Street
Zanesville, Ohio 43701

*Wise, J.*

**{¶1}** Defendant-Appellant Joseph G. Eckelberry appeals his conviction on two counts of Unlawful Sexual Conduct with a Minor, entered in the Muskingum County Court of Common Pleas, following a guilty plea.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts leading to this appeal are as follows:

**{¶4}** On July 21, 2022, the Muskingum Grand Jury indicted Appellant Joseph G. Eckelberry on eight counts:

Count One: Rape, in violation of R.C. §2907.02(A)(1)(a), a first-degree felony.

Count Two: Rape, in violation of R.C. §2907.02(A)(1)(a), a first-degree felony.

Count Three: Rape, in violation of R.C. §2907.02(A)(1)(a), a first-degree felony.

Count Four: Rape, in violation of R.C. §2907.02(A)(1)(a), a first-degree felony.

Count Five: Sexual Battery, in violation of R.C. §2907.03(A)(2), a third-degree felony.

Count Six: Sexual Battery, in violation of R.C. §2907.03(A)(2), a third-degree felony.

Count Seven: Sexual Battery, in violation of R.C. §2907.03(A)(2), a third-degree felony.

Count Eight: Sexual Battery, in violation of R.C. §2907.03(A)(2), a third-degree felony.

**{¶5}** The charges arose out of two incidents which took place on two separate dates between May 1, 2021, and September 1, 2021. On both occasions Appellant, who was eighteen-years-old at the time, engaged in sexual conduct (vaginal intercourse and fellatio) with B.W., a thirteen-year-old girl. On both occasions Appellant provided the thirteen-year-old victim with alcohol.

**{¶6}** On March 27, 2023, pursuant to a negotiated plea agreement, Appellant entered guilty pleas to Counts 5 and 7, Unlawful Sexual Conduct with a Minor, (as amended), in violation of R.C. §2907.04(A), felonies of the fourth degree. In exchange, the State agreed to dismiss counts 1, 2, 3, 4, 6, and 8 of the indictment.

**{¶7}** On June 5, 2023, the trial court sentenced Appellant to two twelve (12) month prison sentences to be served concurrently. The trial court also classified Appellant as a Tier II sex offender, which requires registration every one-hundred eighty (180) days for twenty-five (25) years.

**{¶8}** Appellant now appeals, raising the following error for review:

<u>**ASSIGNMENT OF ERROR**</u>

**{¶9}** "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH DEMONSTRATES A [SIC] UNCESSARY [SIC] BURDEN ON STATE RESOURCES."

**I.**

{¶10} In his sole assignment of error, Appellant argues that his sentence is grossly disproportionate to his conduct. We disagree.

{¶11} Appellant argues the "trial court erred when it imposed a harsh prison sentence in that this sentence was contrary to law and not supported by the Record from the Sentencing Hearing." (Appellant's Brief at 6).

{¶12} Appellant maintains that the trial court, in entering sentence, did not adequately consider mitigating factors under R.C. §2929.11 and R.C. §2929.12. In effect, Appellant asks this Court to re-weigh the felony sentencing factors and reverse the matter based upon the trial court's alleged failure to comport with the factors.

{¶13} We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶14} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. §2929.11 and the seriousness and recidivism factors in R.C. §2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶15}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. §2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. §2929.11(B).

**{¶16}** R.C. §2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. §2929.11. R.C. §2929.12.

**{¶17}** Nothing in R.C. §2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. §2929.11 and R.C. §2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-

guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." Instead, we may only determine if the sentence is contrary to law.

**{¶18}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶19}** Appellant herein was convicted of two counts of Unlawful Sexual Conduct with a Minor, in violation of R.C. §2907.04(A), which provides:

> (A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

**{¶20}** Here, the trial court sentenced Appellant to twelve (12) months on each count, to be served concurrently.

**{¶21}** The Judgment Entry states the trial court considered the principles and purposes of sentencing under R.C. §2929.11 and balanced the seriousness and recidivism factors under R.C. §2929.12. The trial court imposed a sentence of twelve-months on each count, to be served concurrently. The permissible statutory range for fourth degree felonies is six (6) to eighteen (18) months. We therefore find the sentence in the instant case is not clearly and convincingly contrary to law.

**{¶22}** The trial court also classified Appellant as a Tier II sex offender, which requires registration every one-hundred eighty (180) days for twenty-five (25) years. A A "Tier II sex offender/child-victim offender" is defined as, "A sex offender who is convicted of, [or] pleads guilty to * * * a violation of [R.C. 2907.04] when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct [.]" R.C. §2950.01(F)(1)(b). Appellant's Tier II sex-offender classification happens automatically by operation of law based on the offense of conviction. *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, 224 N.E.3d 1126, ¶ 24. "Under the AWA, the trial court's only responsibility with regard to the classification is to give notice to the defendant at sentencing of the registration and reporting obligations specific to the defendant's classification under the law." *Id.*, citing R.C. §2950.03(A). Although the trial court included Appellant's Tier II sex-offender classification in its sentencing entry, there is no statutory requirement to do so. *State v. Sprouse*, 6th Dist. Lucas No. L-22-1230, 2023-Ohio-2983, ¶ 28.

**{¶23}** We find the sentence imposed in the instant case is not contrary to law nor is it so greatly disproportionate to the offenses Appellant committed as to shock the sense of justice of the community.

**{¶24}** Additionally, we find there is no indication that the trial court failed to consider the sentence in relation to the burden placed on governmental resources, and no indication that the sentence imposed places an undue burden on governmental resources.

**{¶25}**  Accordingly, Appellant's sole Assignment of Error is overruled.

**{¶26}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.


JWW/kw