[Cite as *State v. Hodges*, 2013-Ohio-5025.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99511

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAVONTE L. HODGES

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED FOR
### RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562692

**BEFORE:**   Jones, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 14, 2013

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brian M. McDonough
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Javonte L. Hodges, appeals his 20-years-to-life sentence, which was imposed after his plea to murder and associated crimes. We reverse the consecutive portion of the sentence and remand for resentencing.

I.

{¶2} In May 2012, Hodges was charged with the aggravated murder of Christopher Johnson. The nine-count indictment also charged Hodges with aggravated robbery, improperly handling firearms in a motor vehicle, having weapons while under disability, and tampering with evidence. The aggravated murder and aggravated robbery charges contained one- and three-year firearm specifications.

{¶3} After negotiations with the state, Hodges pleaded guilty to amended Count 1, murder, with a three-year firearm specification; Count 3, aggravated robbery, with a three-year firearm specification; Count 5, improperly handling firearms in a motor vehicle; and Count 6, having weapons while under disability. The remaining counts and specifications were nolled.

{¶4} For purposes of sentencing, the murder, aggravated robbery, and improperly handling firearms in a motor vehicle were merged as allied offenses; the state elected to proceed to sentencing on the murder conviction. The trial court sentenced Hodges to three years on the firearm specification attendant to the murder count, to be served prior and consecutively to 15 years to life on the underlying charge; and 24 months on the

having weapons while under disability conviction, to be served consecutive to the murder sentence. Hodges was, therefore, sentenced to 20 years to life.

## II.

{¶5} In March 2012, Hodges, along with codefendants John Johnson and Deante Kidd, shot and killed the victim, Christopher Johnson, because of a drug deal gone bad. Hodges was the shooter; he shot Johnson in the back of the head from close range in the vehicle where the drug transaction occurred. After being shot, the victim, who had been driving the vehicle, crashed into a home. Hodges fled the scene and thereafter fled to Florida, where he was eventually apprehended. According to law enforcement officials who apprehended him, Hodges initially denied being the shooter. At sentencing, Hodges stated that the shooting was an accident.

## III.

{¶6} In his sole assignment of error, Hodges challenges his consecutive sentence, contending that the trial court failed to (1) sufficiently inquire into and apply the factors under R.C. 2929.12 and, therefore, did not comply with the purposes of felony sentencing set forth under R.C. 2929.11, (2) merge the murder and having weapons while under disability convictions, and (3) make the required findings for the imposition of consecutive sentences.

Sentencing Factors under R.C. 2929.12

{¶7} The trial court has the full discretion to impose any term of imprisonment

within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Stone*, 3d Dist. Marion No. 9-11-39, 2012-Ohio-1895, ¶ 10, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36-42; *State v. Elston*, 3d Dist. Putnam No. 12-11-11, 2012-Ohio-2842, ¶ 10.

{¶8} R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶9} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Arnett*, 88 Ohio St.3d 208, 213, 724 N.E.2d 793 (2000). R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. *State v. Samuels*, 8th Dist. Cuyahoga No. 88610, 2007-Ohio-3904, ¶ 14. R.C. 2929.12(A) also permits the court to consider "any other factors that are relevant to achieving the purposes and principles of

sentencing."

{¶10} At sentencing, Hodges maintained that the shooting accidently occurred when he was taking his money out of his sleeve, where he also had the gun, and the gun jammed; he denied ever pulling the trigger.

{¶11} The court noted that Hodges, who was 23 years old at the time of sentencing, had a juvenile record and an adult record that included convictions for rioting and criminal gang activity. The court found that Hodges's past criminal record demonstrated that the "respect [he has] for human life is not all that great * * *."

{¶12} The court further stated the following:

Now, whether your victim was a drug dealer or not is really of no consequence, because you don't have the right or the power to execute anyone. And in our country we don't execute drug dealers. We may imprison them, but we don't execute them. You did. And I don't buy that it was an accident. I find that extremely difficult to believe. And that story makes me say that you are not remorseful for your actions and that you are really not even taking responsibility for your actions despite the guilty plea because you still want us all to believe it was an accident. I don't know how anyone carries a gun by accident starting there. A gun can't get in your pocket, your waistband, or your arm sleeve by accident. An intentional movement must place that gun on your person. How does a gun get loaded? Not by accident. It's an intentional movement to put those bullets in that gun.

* * *

[There was] [n]o accidental meeting on the street. It was a planned meeting. It was planned that you would have a gun. It was planned that the gun had bullets. So if it had a hair trigger, which I disbelieve, and if it accidently went off, which I disbelieve, there were still planned actions leading up to that point. And you know that a gun is a deadly weapon. So you know even carrying a gun has a consequence of killing someone else.

So whatever part of this you think was an accident, this court disagrees with you.    And your plea states otherwise as well.

**{¶13}** The court's judgment entry of sentence states the court "considered all required factors of the law.   The court finds that prison is consistent with the purpose of R.C. 2929.11."

**{¶14}** Upon review of the record, the trial court properly considered the applicable factors and principles set forth in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish Hodges.   Hodges's contention that the trial court failed to consider the sentencing considerations under R.C. 2929.11 and 2929.12 is therefore without merit.

Allied Offenses

**{¶15}** Hodges next challenges his sentence on the ground that the murder and having weapons while under disability convictions should have merged.   We disagree.

**{¶16}** A merger analysis was conducted in this case and resulted in the merger of the murder, aggravated robbery, and improperly handling firearms in a motor vehicle convictions.   The murder and having weapons while under disability convictions were properly not merged.

**{¶17}** The Ohio Supreme Court set forth a two-part test for determining whether offenses are allied offenses of similar import in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.   The first inquiry focuses on "whether it is possible to commit one offense and commit the other with the same conduct * * *."   *Id.* at ¶ 48. It is not necessary that the commission of one offense will always result in the

commission of the other. *Id.* Rather, the question is whether it is possible for both offenses to be committed by the same conduct. *Id.* Conversely, if the commission of one offense will never result in the commission of the other, the offenses will not merge. *Id.* at ¶ 51.

{¶18} If the multiple offenses can be committed with the same conduct, the court must then determine whether the offenses were in fact committed by a single act, or performed with a single state of mind. *Id.* at ¶ 49. If the answer to both questions is yes, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶19} This court has previously held that the

> animus of having a weapon under disability is making a conscious choice to possess a weapon. [The defendant] necessarily acquired the guns sometime prior to committing the other crimes. The fact that he then used the weapons to commit the other crimes does not absolve [the defendant] of the criminal liability that arises solely from his decision to illegally possess the weapons.

*State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39; *see also State v. West*, 8th Dist. Cuyahoga No. 98274, 2013-Ohio-487, ¶ 43-45.

{¶20} Here, Hodges took a gun to meet the victim to buy drugs. He therefore was in possession of the gun before he ever met up with the victim. He shot the victim after the codefendants purchased drugs from the victim and it was decided that he had been "cheated." On this record, the crime of having weapons while under disability occurred before Hodges's meeting with the victim and, therefore, was committed with an

animus separate from the murder. Therefore, the having weapons while under disability and murder convictions were properly not merged.

Consecutive Sentences

{¶21} Under R.C. 2953.08(G)(2), the following two grounds permit an appellate court to reverse a trial court's imposition of consecutive sentences upon an offender if: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings." *See also State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 11.

{¶22} Under R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find that the sentence is "necessary to protect the public from future crime or to punish the offender." The trial court must also find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Further, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime

by the offender.

*Id.*

{¶23} After sentencing Hodges to the mandatory 18 years for the murder

conviction, the court stated the following:

> The Court will also sentence you to * * * 24 months on the having weapon[s] while under disability, Count 6. And I will run that consecutive to the murder charge in Count 1. * * * Those 24 months will run * * * consecutive to amended Count 1. This, of course, is the most serious offense. I find that recidivism factors are present, and that any less of a sentence would demean the seriousness of this offense. Your lack of remorse is palpable.

{¶24} The assistant prosecuting attorney stated that:

> [o]bviously this court has the discretion to impose those consecutive sentences if necessary to protect the public or punish the Defendant, and that they're not disproportionate, and this was the worst form of the offense.

{¶25} The court replied:

> Thank you. And as I've said, the seriousness of the offense, the facts of this case would — may support a theory of premeditation, meeting, a planned meeting, telling the co-defendant Deante Kidd that this is a cheater, bring a scale, and placing a gun in an arm sleeve as opposed to a pocket or holster or a waistband all are facts that this court believes given the statements of this Defendant also could lead to premeditation on this case.

{¶26} We find on this record that the trial court did not comply with the

requirements for the imposition of consecutive sentences.[1] The court offered "reasons"

---

[1] In its brief on appeal, the state acknowledges that the trial court "did not explicitly go through the three[-]step analysis required under R.C. 2929.14(C)(4)," but notes that in the past this court has not required trial courts to do so. But recently, this court stated that the "current trend * * * has been

for the sentence, but besides finding that "any less of a sentence would demean the seriousness of this offense," the court did not make the required findings required for consecutive sentences. The assistant prosecuting attorney attempted to prompt the court to make the required findings, but the court did not.

**{¶27}** At sentencing, the state requested the maximum sentence; it also filed a sentencing memorandum prior to sentencing seeking the same. The sentencing memorandum consisted of letters from the victim's family and friends, the funeral program for the victim, and a remembrance book in honor of the victim. It has previously been suggested that

> if the state believes that a consecutive sentence is appropriate in a given case, the best practice would be to provide the trial court with a sentencing memorandum that includes the required statutory findings under R.C. 2929.14(C)(4) with citations to the record supporting each required finding.

*State v. Wilson*, 8th Dist. Cuyahoga No. 99331, 2013-Ohio-3915, ¶ 21 (Rocco, J., concurring). Perhaps a sentencing memorandum that also included the requisite statutory findings for the imposition of consecutive sentences would have guided the trial court in this case.

**{¶28}** In light of the above, the sole assignment of error is sustained as it relates to

---

to hold the trial court responsible for more than just 'substantial compliance' with the requirements. We do not believe following the trend is unreasonable. Otherwise, general statements made by trial courts can too easily be read as consecutive sentence findings. We do not believe that the legislature intended such a result; rather, it has specifically delineated the findings that need to be made when sentencing to consecutive terms." *State v. Schmick,* 8th Dist. Cuyahoga No. 99262, 2013-Ohio-4488, ¶ 13.

the imposition of consecutive sentences.

**{¶29}** Judgment imposing consecutive sentences reversed; case remanded for resentencing.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY WITH SEPARATE OPINION

EILEEN T. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

**{¶30}** I concur with the majority's disposition of the first and second assigned errors. However, I concur in judgment only as it relates to Hodges's third assignment of

error, which relates to the mandatory findings for the imposition of consecutive sentences.

{¶31} The majority determined that the trial court failed to make any of the findings required under R.C. 2929.14(C)(4). I would find the court satisfied the required findings under the first and third prongs of the statute, but failed to make a finding of proportionality. Although the trial court is not required to use "talismanic words" to comply with R.C. 2929.14(C)(4), "it must be clear from the record that the trial court actually made the findings required by statute." *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10.

{¶32} The court described Hodges's violent criminal history and noted his extensive juvenile record. The court found that recidivism factors were present and stated that "any less of a sentence would demean the seriousness of the offense." The court did not, however, make any finding that a consecutive sentence is not disproportionate to the seriousness of Hodges's conduct and to the danger Hodges poses to the public. For that reason, I respectfully concur in judgment only.