[Cite as *State v. Norris*, 2024-Ohio-2964.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2024-0001 |
| CORY NORRIS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0303

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 2, 2024

APPEARANCES:

For Plaintiff-Appellee

RON WELCH, ESQ.
Prosecuting Attorney
Muskingum County, Ohio

JOSEPH A. PALMER
Assistant Prosecuting Attorney
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, J.*

**{¶1}**  Defendant-appellant Cory A. Norris appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to domestic violence (R.C. 2919.25(A)) and attempted disrupting public services (R.C. 2923.02, 2909.04(A)(1)), and sentencing him to an aggregate term of incarceration of thirty months.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**  On March 5, 2023, the victim and her friend were at a bar in Muskingum County, Ohio.  The victim and Appellant previously lived together, and shared two children.  Appellant arrived at the bar, and was upset to find the victim there.  He asked to see her outside the bar, where they discussed her moving out of the house.  Appellant and the victim then went back inside the bar.

**{¶3}**  When the victim and her friend left the bar later, Appellant came up from behind the victim and knocked her to the ground.  The victim attempted to call 911, but Appellant tried to prevent her from doing so.  After the victim and Appellant were physically separated, the victim called 911.

**{¶4}**  Appellant was indicted by the Muskingum County Grand Jury with robbery, domestic violence as a felony of the fourth degree based on a prior conviction, bribery, attempted tampering with evidence, and attempted disrupting public services.  The State dismissed the charges of robbery, bribery, and attempted tampering with evidence, and Appellant pled guilty to the charges of domestic violence and attempted disrupting public services.   The trial court sentenced Appellant to eighteen months incarceration for domestic violence and twelve months incarceration for attempted disrupting public services, to be served consecutively for an aggregate term of incarceration of thirty

months.  It is from the December 1, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE FOR COUNT 2, DOMESTIC VIOLENCE (F4) AND A MAXIMUM SENTENCE ON COUNT 5 ATTEMPTED DISRUPTING PUBLIC SERVICES (F5), AND A TOTAL SENTENCE OF 30 MONTHS; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?

II. SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BETWEEN COUNTS 2 AND 5; BECAUSE, THE DECISION WAS IN CONTRAVENTION OF R.C. §2929.14(C)(4)?


I.

{¶5}    In his first assignment of error, Appellant argues the trial court's imposition of the maximum sentence on each count was in violation of the principles set forth in R.C. 2929.11 and R.C. 2929.12.  He argues the victim suffered only minor injuries and the incident was limited in scope.

{¶6}    We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or

vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

**{¶7}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶8}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶9}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the

most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶10} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶11} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶12} The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. Pursuant to *Jones, supra,* this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentences imposed on Appellant are not contrary to law.

{¶13} The first assignment of error is overruled.

II.

**{¶14}** In his second assignment of error, Appellant argues the trial court failed to make the required statutory findings to impose consecutive sentences, and the imposition of consecutive sentences is contrary to the record.

**{¶15}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

**{¶17}** The trial court made the following findings in its judgment entry:

Pursuant to ORC §2929.14(C)(4), the Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of Defendant's conduct, and to the danger the Defendant poses to the public.

The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶18}** Judgment Entry, December 1, 2023.

**{¶19}** At the sentencing hearing, the trial court stated:

Court does find consecutive sentences are necessary to protect the public and punish this offender, and consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public.

Additionally, history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

**{¶20}** Sent. Tr. 10.

**{¶21}** Appellant argues the trial court failed to find pursuant to R.C. 2929.14(C)(4)(b) the harm caused by the offenses was so severe or unusual that a single prison term would not adequately reflect the seriousness of his conduct. However, the trial court is only required to find one of the factors set forth in R.C. 2929.14(C)(4)(a) through (c). Because the trial court found pursuant to subsection (c) Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime, the trial court was not required to make any findings pursuant to subsection (b). We find the trial court made the required statutory findings.

**{¶22}** In deciding whether to impose consecutive sentencing, the trial court is to consider the aggregate term of incarceration which will result from consecutive sentencing. *State v. Gwynne*, 2022-Ohio-4607, ¶¶14-15. In *Gwynne*, the Ohio Supreme Court clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above have very specific meanings and fall into one of two categories—either a standard of review or an evidentiary standard of proof. "Abuse of discretion," "clearly erroneous," and "substantial evidence" are traditional forms of appellate-court deference that are applied to a trial court's decisions. They are standards of review that are applied by a reviewing court to certain decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is that the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third

required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

**{¶23}** *Id.* at ¶¶20-22.

**{¶24}** The trial court noted at the November 29, 2023, sentencing hearing Appellant last was released from prison in late 2020 or early 2021.   The trial court set forth Appellant's past criminal history from the bench as follows:

THE COURT:  Well, I'll note, there's a 2018 tampering with evidence. You received 12 months.  That was consecutive to 18 months for having a weapon while under disability, carrying concealed weapon, improper handling of a firearm in a motor vehicle.  And the offense occurred while you were on PRC.  However, you didn't plead guilty until I think PRC was over.  You weren't sentenced to PRC time.

March of 2014, trafficking in drugs, a felony of the fourth degree. Twelve-month prison sentence.

2000, failure to comply with an order, a felony of the fourth degree. Placed on probation for three years.  Failed to report on probation.  PR – or community control was revoked.  Fourteen-month prison was imposed on that case.  Those were all Muskingum County.

Ross County, 2007, there was an F2 escape.  2006, in Ross County, possession of cocaine, a felony of the second degree, tampering with evidence, felony of the third degree.  Five years in prison on that case.

July of '03, trafficking in cocaine.  Eleven-month prison sentence.

March of 2002, possession of cocaine.   Eight-month prison sentence.

Pickaway County, October of '05, possession of cocaine, eight months.

Criminal trespass, 2018, 2016, and 1998. Domestic violence, prior convictions, 2018, 2016, 1998. Aggravated menacing, menacing, assault, fleeing and eluding, possession of marijuana, drug abuse, disorderly conduct, underage consumption, driving under suspension, and leaving the scene of an accident.

**{¶25}** Sent. Tr. 8-9.

{¶26}  We find the record detailing Appellant's extensive criminal history supports the trial court's imposition of consecutive sentences in the instant case.  The second assignment of error is overruled.

{¶27}  The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur