[Cite as *State v. Crosby*, 2024-Ohio-3319.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2024-0036 |
| KODY CROSBY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:       Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2023-0794


JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         August 28, 2024


APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant

RON WELCH, ESQ.                         CHRIS BRIGDON
Muskingum County Prosecuting Attorney   8138 Somerset Road
                                        Thornville, Ohio 43076
JOSEPH A. PALMER
Assistant Prosecuting Attorney
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Defendant-appellant Kody L. Crosby appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to attempted retaliation (R.C. 2923.02(A), R.C. 2921.05(B)) and menacing by stalking (R.C. 2903.211(A)(1)) and sentencing him to an aggregate prison term of thirty-six months. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} The victim in the instant case is Appellant's former girlfriend, and the mother of his two children. On May 16, 2023, while Appellant was in prison for domestic violence against her, the victim called the Zanesville Police Department to report while her car was parked in her driveway, two of the tires were slashed and obscenities were painted on the windows. The victim advised police she believed Appellant had someone vandalize her vehicle.

{¶3} Officers were later dispatched to the hospital, where they spoke with the victim again. The victim reported a pattern of harassment perpetrated upon her by Appellant. The victim reported on May 2 and 4, 2023, Appellant attempted to FaceTime their children. On May 12, she received a Mother's Day card with Appellant's name on it. Her car was vandalized, as previously reported, on May 16. On May 18, her place of employment received a false anonymous complaint claiming the victim had disclosed Appellant's mother's medical information.

{¶4} A detective was assigned to the case. The detective obtained records for Appellant's telephone usage from the Belmont Correctional Institution. In calls from the jail, Appellant asked people to watch the victim's house. In one call, a friend told Appellant he went by the house and noticed the vehicle had new tires. Appellant laughed and said,

"I know, I had to make that happen, I needed to get a point across. If I need to do it again, I will." Plea Tr. 14. In other calls, Appellant asked people to drive by the house and report to him what was going on, and Appellant attempted to enlist people to three-way call the victim with him so he could talk to her.

{¶5} Appellant was indicted by the Muskingum County Grand Jury with one count of retaliation as a third-degree felony and two counts of menacing by stalking. The State amended the charge of retaliation to attempted retaliation, a fourth-degree felony, and dismissed one count of menacing by stalking. Appellant pled guilty to the amended charge of attempted retaliation and the remaining charge of menacing by stalking.

{¶6} The case proceeded to sentencing. The State argued for an aggregate sentence of eighteen months incarceration. The trial court sentenced Appellant to eighteen months incarceration on each count, to be served consecutively, for an aggregate sentence of thirty-six months.

{¶7} It is from the March 20, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE UNDER R.C. §2901.05, IN CONTRAVENTION OF STATUTE.

I.

{¶8} Appellant argues the trial court erred in imposing maximum, consecutive sentences because the trial court did not adequately address the proportionality of

consecutive sentences to the seriousness of Appellant's conduct. He also argues because the offenses were part of the same course of conduct, the harm caused was not so great or unusual that no single prison term would adequately reflect the seriousness of Appellant's conduct.

**{¶9}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

**{¶10}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶11}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and

its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶12}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶13}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶14}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

**{¶15}** In the instant case, the trial court recited it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court noted Appellant had previously pled guilty to two felonies of the fourth degree, committed the instant offenses while he was in prison for domestic violence against the same victim, and had a long

misdemeanor record. Pursuant to *Jones, supra*, this Court cannot reweigh the sentencing factors. We find the imposition of maximum sentences was not clearly and convincingly contrary to law.

**{¶16}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶18} In deciding whether to impose consecutive sentences, the trial court is to consider the aggregate term of incarceration which will result from consecutive sentencing. *State v. Gwynne*, 2022-Ohio-4607, ¶¶14-15. In *Gwynne*, the Ohio Supreme Court clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above have very specific meanings and fall into one of two categories—either a standard of review or an evidentiary standard of proof. "Abuse of discretion," "clearly erroneous," and "substantial evidence" are traditional forms of appellate-court deference that are applied to a trial court's decisions. They are standards of review that are applied by a reviewing court to certain decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a

reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is that the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition

of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

**{¶19}** *Id.* at ¶¶20-22.

**{¶20}** Regarding the imposition of consecutive sentences, the trial court stated during the sentencing hearing:

First of all, you committed the offense while you were in prison, which is somewhat new to the Court. But you continued what you were doing when you were on the outside. This has been going on for some time.

The Court will note that you were in there on a felony domestic violence with a pregnant victim, and in that particular case at least two felonies of the fourth degree and one felony of the fifth degree was

dismissed and you were given a 12-month sentence, which would have been a maximum sentence on the felony of the fifth degree.

With regards to misdemeanors, they go back and go back and go back and go back from disorderly, falsification, assault, domestic violence, menacings. As well as your write-ups while you were in prison, which were numerous. Obviously, you are not amenable to community control.

The Court will impose the maximum sentence on each count, which is 18 months. But the Court is going to order those sentences to be served consecutively. The Court feels that it is necessary to protect the victim and the public in this matter, as well as reflects upon your history and your ability not to follow the rules even while in prison. You were written up numerous times while you were in prison, from everything from making hooch to causing problems. And your problems continued with this victim forever and they need to come to an end.

Therefore, the Court feels that the consecutive sentences are necessary to adequately reflect what you have done in this case and the previous cases.

**{¶21}** Sent. Tr. 6-7.

**{¶22}** In the sentencing entry, the trial court found consecutive sentences are necessary to protect the public from future crime by the offender, as Appellant harassed the victim while he was incarcerated for domestic violence against the same victim. The

trial court also found Appellant did not follow the rules in prison, and had numerous write-ups while serving his prison sentence for domestic violence.

**{¶23}** Appellant argues the trial court did not adequately address the proportionality of consecutive sentences to the seriousness of his conduct. However, the trial court is not required to state its reasons in support of the findings required by R.C. 2929.14(C). *Bonnell, supra.* Appellant also argues it "may be debatable" whether the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of his conduct pursuant to R.C. 2929.14(C)(4)(b). However, the trial court need make only one of the findings set forth in R.C. 2929.14(C)(4). The trial court made findings pursuant to R.C. 2929.14(C)(4)(c) that Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime, and did not find R.C. 2929.14(C)(4)(b) applied. Therefore, whether the harm caused by the offenses was so great or unusual that no single prison term would adequately reflect the seriousness of Appellant's conduct is inapplicable to the instant appeal.

**{¶24}** We find the record supports the imposition of consecutive sentences in the instant case. Appellant committed the crimes while in prison for domestic violence perpetrated upon the same victim. Appellant has a lengthy criminal history, including both felonies and misdemeanors, as well as a history of poor behavior in prison.

**{¶25}** The assignment of error is overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Baldwin, J.

Wise, P.J.  and

King, J. concur