[Cite as *State v. Cramer*, 2024-Ohio-5960.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 24CA000018 |
| ROBERT CRAMER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Knox County Court of
                              Common Pleas, Case No. 24CR01-0004


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 20, 2024


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

CHARLES MCCONVILLE                    TODD W. BARSTOW
117 East High Street, Suite 234       14 North Park Place
Mount Vernon, Ohio 43050              Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Robert M. Cramer appeals the judgment entered by the Knox County Common Pleas Court convicting him following his guilty plea to having a weapon while under a disability (R.C. 2923.13(A)(3)), and sentencing him to eighteen months incarceration. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 30, 2023, Knox County Sheriff's Deputies were dispatched to the 3000 block of Mink Street for a welfare check. While responding the call, deputies received information there may be a domestic situation involving Appellant and a woman. Deputies also learned Appellant had a nationwide warrant at the time for weapons under disability and trafficking. The deputies deescalated the domestic situation and placed Appellant under arrest. Deputies found an AR style long gun inside the residence. The rifle had a magazine containing nine live rounds.

{¶3} Appellant was indicted by the Knox County Grand Jury with one count of having weapons while under a disability and one count of resisting arrest. Appellant entered a plea of guilty to the charge of having weapons under disability, and the State entered a nolle prosequi on the charge of resisting arrest. The trial court convicted Appellant upon his plea and sentenced him to eighteen months incarceration. It is from the June 27, 2024 judgment of the trial court Appellant prosecutes his appeal.

{¶4} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and

request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶5} We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING CRAMER'S GUILTY PLEA UNDER CRIMINAL RULE 11 AND ERRED IN SENTENCING CRAMER.

{¶6} Counsel concedes the trial court engaged in a complete plea colloquy as required by Crim. R. 11. Upon review of the transcript of the plea hearing, we find no error in the trial court's acceptance of Appellant's guilty plea.

{¶7} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or

vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

**{¶8}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges,* 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶9}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶10}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the

most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶11}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶12}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini,* 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

**{¶13}** The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. Pursuant to *Jones*, *supra*, this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentences imposed on Appellant are not contrary to law.

**{¶14}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Knox County Court of Common Pleas.

By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur