[Cite as *State v. Riley*, 2025-Ohio-722.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| RONALD RILEY, JR. | Case No. CT2024-0091 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2024-0174

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 3, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MICHAEL T. HUGHES                     APRIL F. CAMPBELL
Assistant Prosecuting Attorney        Campbell Law, LLC
27 North 5th Street, Suite 201        545 Metro Place South, Suite 100
Zanesville, Ohio 43701                Dublin, Ohio 43017

*Hoffman, J.*

{¶1} Defendant-appellant Ronald Riley, Jr., appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to domestic violence (R.C. 2919.25(A)), abduction with a firearm specification, (R.C. 2905.02(A)(2), R.C. 2941.145(A)), and strangulation (R.C. 2903.18(B)(2)). The trial court sentenced him to an aggregate term of incarceration of eight years. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Beginning on February 29, 2024, Appellant was involved in an ongoing altercation with his wife, who is the victim in this case. The altercation became physical, and Appellant struck the victim several times in the face. Appellant also grabbed the victim around her neck, from which she experienced pain and difficulty breathing. After Appellant stopped choking the victim, he pulled her hair. When the victim attempted to take their dog outside, Appellant pointed a handgun at the victim and threatened to kill her.

{¶3} Finally, on March 2, 2024, the victim was able to get out of the house and call the police. When police arrived at the home, they found Appellant with a semi-automatic handgun next to him. Several rounds of ammunition were in the magazine of the gun, and a live round of ammunition was on a stand next to Appellant. Appellant indicated to officers he was going to kill himself because his wife left him.

{¶4} Appellant was indicted by the Muskingum County Grand Jury with domestic violence, kidnapping, and two counts of strangulation, all with firearm specifications. Pursuant to a negotiated plea, Appellant pled guilty to amended charges of domestic

violence, abduction with a firearm specification, and strangulation. The trial court convicted Appellant upon his pleas.

{¶5} At sentencing, Appellant claimed his actions were caused by medical marijuana he was using at the time. The State asked for an aggregate term of incarceration of ten years. Appellant asked for an aggregate sentence of three years and six months. The trial court sentenced Appellant to a term of incarceration of twelve months for domestic violence, twenty-four months for abduction, twenty-four months for strangulation, and three years on the firearm specification, for an aggregate term of incarceration of eight years. It is from the June 6, 2024 judgment of the trial court Appellant prosecutes his appeal.

{¶6} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's

request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶7}** We find counsel has complied with *Anders.* Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING RILEY'S GUILTY PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM.

**{¶8}** We have reviewed the transcript of the plea hearing, and find the trial court complied with Crim. R. 11 in accepting Appellant's guilty pleas.

**{¶9}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id.*, *citing State v. Bonnell*, 2014-Ohio-3177.

**{¶10}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶11}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the

effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶12} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶13} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶14} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant

within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

**{¶15}** The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. The trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. The trial court specifically noted in its entry it found Appellant has shown a lack of acknowledgement and remorse, and further has a record of prior acts of violence. Pursuant to *Jones, supra*, this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentences imposed on Appellant are not contrary to law.

{¶16} After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

By: Hoffman, J.

Baldwin, P.J.

King, J.  concur