[Cite as *State v. Kane*, 2025-Ohio-2438.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Robert G. Montgomery, J. |
| -vs- | |
| AMADOU KANE | Case No. CT2025-0013 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0364 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 9, 2025 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOSEPH A. PALMER
Assistant Prosecutor
27 North 5th Street, Suite 201
Zanesville, Ohio 43701

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
6059 Frantz Road, Suite 206
Dublin, Ohio 43-17

AMADOU KANE
#833-705
P.O. Box 5500
Chillicothe, Ohio 45601

*Hoffman, J.*

{¶1}   Defendant-appellant Amadou Kane appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his plea of guilty to kidnapping (R.C. 2905.01(A)(3)), and sentencing him to a term of incarceration of three to four and one-half years.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 21, 2024, Appellant was at Dillon State Park with his girlfriend. Appellant wanted to have sex, but his girlfriend declined.  Appellant began to drive through the park to leave.  His girlfriend received a phone call from an inmate at the Warren Correctional Institution.  The couple argued, and Appellant told his girlfriend to get out of the car.  When his girlfriend refused to get out of the car, Appellant drug her out of the car, injuring her elbow, back, and buttocks.  Appellant's girlfriend stated she was calling the police.  Appellant knocked her down, tried to take her phone, and strangled her.  When she promised she would not call the police if Appellant let her go, he released her and took her home.

{¶3}   Appellant was indicted by the Muskingum County Grand Jury with strangulation, disrupting public services, and kidnapping.  Appellant agreed to enter a plea of guilty to kidnapping, in exchange for which the State dismissed the charges of strangulation and disrupting public services.  The case proceeded to sentencing.  The trial court sentenced Appellant to a term of three to four and one-half years of incarceration.  It is from the January 31, 2025 judgment of the trial court Appellant prosecutes his appeal.

{¶4}   Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924,

indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶5} We find counsel has complied with *Anders*. Appellant has filed a pro se brief, and the State has filed a response brief to counsel's brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING KANE'S GUILTY PLEA UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM.

{¶6} We have reviewed the transcript of the plea hearing, and find the trial court complied with Crim. R. 11 in accepting Appellant's guilty plea.

{¶7} We review felony sentences using the standard of review set forth in R.C. 2953.08*. State v. Roberts,* 2020-Ohio-6722, ¶ 13 (5th Dist.), *citing State v. Marcum*,

2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 2014-Ohio-3177.

{¶8} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶9} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶10} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the

most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶11} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶12} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶13} The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range, and as noted in counsel's *Anders* brief, is the minimum prison sentence Appellant could have received.  Pursuant to *Jones, supra*, this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentence imposed on Appellant is not contrary to law.

{¶14} Appellant has assigned one error in his pro se brief:

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE HAD THE DEFENDANT PLEAD GUILTY UNDER KNOWINGLY FALSE PRETENSES CAUSING PREJUDICE TO THE DEFENDANT IN VIOLATION OF STRICKLAND V. WASHINGTON 466 U.S. 668.

{¶15} Appellant argues his trial counsel was ineffective for advising him if he pled guilty, he would receive probation.   We disagree.

{¶16} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.   *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136, (1989).   In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.   *Id.*

{¶17} The record does not support Appellant's claim he pled guilty based on counsel's representation he would receive probation.   While it appears from the trial court's January 25, 2025 judgment entry the trial court held a hearing on Appellant's motion to withdraw his guilty plea, a written motion to withdraw his guilty plea does not appear in the file nor on the docket, and a transcript of the hearing is not a part of the record before this Court on appeal.[1]   Therefore, this Court cannot determine the grounds

---

[1] It appears from counsel's representations at the sentencing hearing Appellant wrote a letter to the trial court asking to withdraw his plea; however, the letter was not made a part of the record before this Court.

of the motion or the representations made to the trial court concerning the advice Appellant was given by counsel with regards to entering his plea. In the absence of a transcript, this Court must presume regularity in the proceedings below. *Knapp v. Edwards Laboratories,* 61 Ohio St. 2d 197, 199 (1980).

{¶18} Appellant's written acknowledgement of his guilty plea, as well as the transcript of the plea hearing, reflect Appellant represented no promises had been made to him beyond those set forth in the plea regarding the dismissal of counts one and two. The plea agreement represented the parties would argue for sentencing at the sentencing hearing. Appellant indicated at the plea hearing he was satisfied with his attorney's advice. The record before this Court therefore does not demonstrate Appellant entered a plea of guilty based on a promise of receiving probation.

{¶19} At the sentencing hearing, counsel for Appellant stated Appellant wrote "another" letter to the trial court stating he had been "tricked" into pleading guilty, and asking to withdraw his plea. Sent. Tr. 6. However, Appellant told the trial court he was no longer interested in withdrawing his plea. Sent. Tr. 7. The record therefore demonstrates at the time of sentencing, Appellant did not wish to withdraw his plea, and wished to proceed with sentencing.

{¶20} We find the record does not support Appellant's claim he pled guilty based on a promise from counsel he would receive probation, and Appellant has therefore not demonstrated a reasonable probability of a change in the outcome but for counsel's alleged ineffectiveness. Appellant's pro se assignment of error is overruled.

{¶21} After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence,

we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

{¶22}  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.

Baldwin, P.J. and

Montgomery, J.  concur