[Cite as *State v. Jones*, 2026-Ohio-990.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00021 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 24-CR-166 |
| SHERMAN JONES | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: March 23, 2026 |

**BEFORE:** Robert G. Montgomery; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** Lindsey Angler, Esq., Prosecuting Attorney, for Plaintiff-Appellee; Chris Brigdon, for Defendant-Appellant.

*Hoffman, J.*

{¶1} Defendant-appellant Sherman E. Jones appeals the judgment entered by the Guernsey County Common Pleas Court convicting him upon his pleas of no contest to aggravated possession of drugs (R.C. 2925.11(C)(1)(c)) and aggravated trafficking in drugs (R.C. 2925.03(C)(1)(d)) with a forfeiture specification, and sentencing him to an

aggregate term of incarceration of fourteen to eighteen years. Plaintiff-appellee is the State of Ohio.[1]

STATEMENT OF THE FACTS AND CASE

{¶2} On July 3, 2024, Appellant's vehicle was stopped by the Ohio State Highway Patrol. Officers found more than 105 grams of suspected methamphetamine in the vehicle. Appellant admitted to police the drugs belonged to him, and he was transporting the drugs from Akron to Guernsey County. A passenger in the vehicle denied ownership of all drugs found during the stop except for the drugs officers found in the passenger's pocket.

{¶3} A search warrant was executed on Appellant's residence. Officers found more methamphetamine in the residence, as well as items indicative of trafficking: plastic baggies, a scale with drug residue on it, and a video surveillance system commonly encountered by police in high-level felony narcotics operations.

---

[1] The State of Ohio has not filed a brief in this appeal. As author, I remind the prosecutor's office its responsibility to represent the State of Ohio does not end at sentencing. It continues through not only post-conviction proceedings but also through the appellate process. The possible consequences of its failure to do so are set forth in App. R. 18(C).

**{¶4}** Appellant was interviewed by police. Appellant admitted to selling drugs to supplement his income. Appellant also admitted to accepting items such as tools and weed eaters in exchange for drugs.

**{¶5}** Appellant was indicted by the Guernsey County Grand Jury with two counts of aggravated possession of drugs and two counts of aggravated trafficking in drugs, including a forfeiture specification for two vehicles, cash, and a box trailer. Pursuant to a negotiated plea, Appellant entered pleas of no contest to one count of aggravated possession of drugs and to one count of aggravated trafficking in drugs, including the forfeiture specification. The State dismissed the remaining two charges. The trial court found Appellant guilty upon his pleas. The trial court sentenced Appellant to nine years of incarceration for aggravated possession of drugs and to eight to twelve years incarceration for aggravated trafficking in drugs, to be served consecutively, for an aggregate term of incarceration of fourteen to eighteen years.

**{¶6}** It is from the June 11, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED BY IMPOSING A LENGTHY PRISON SENTENCE THAT IS CONTRARY TO LAW BECAUSE IT FAILED TO GIVE PROPER WEIGHT TO THE MITIGATING FACTORS UNDER R.C. 2929.11 AND R.C. 2929.12 AND IGNORED SUBSTANTIAL EVIDENCE OF REDUCED RECIDIVISM RISK.

II. WHETHER THE TRIAL COURT PROPERLY IMPOSED CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4).

I.

{¶7} In his first assignment of error, Appellant argues the trial court erred in imposing a lengthy prison sentence, ignoring statutory factors of reduced recidivism risk. We disagree.

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum,* 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find

either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

{¶9} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶10} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶11}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶12}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

**{¶13}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant

within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.), *quoting State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶14} Although not required to do so, the trial court not only stated it considered the principles and purposes of R.C. 2929.11 and the factors listed in R.C. 2929.12, it specifically set forth the R.C. 2929.12 factors it applied in this case: Appellant has a history of criminal convictions, Appellant has failed to respond favorably to sanctions previously imposed, Appellant has demonstrated a pattern of drug abuse related to the offense and is in treatment, Appellant had not been adjudicated delinquent prior to the offense, and Appellant demonstrated genuine remorse. Judgment Entry, June 11, 2025, p.2. Pursuant to *Jones*, this Court is not permitted to independently weigh these factors. The trial court considered R.C. 2929.11 and R.C. 2929.12 and sentenced Appellant within the statutory range. We find the sentence is not contrary to law.

{¶15} The first assignment of error is overruled.

## II.

**{¶16}** In his second assignment of error, Appellant argues the trial court erred in imposing consecutive sentences without making the proper findings from the bench to do so, and argues such findings are not supported by the record because his substantial health problems make recidivism less likely and reduce the risk he poses to the public. We disagree.

**{¶17}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to

state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶19} The Ohio Supreme Court has clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement

with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence

only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous

and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶20}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶21}** Appellant first argues the trial court failed to find at the sentencing hearing which of the factors set forth in R.C. 2929.14(C)(4)(a) through (c) applied in this case. We disagree. At sentencing, the trial court stated:

So consecutive sentences. Consecutive sentences are necessary to punish you, protect the public from future crime, not disproportionate to the seriousness of the conduct or danger posed by you and two or more of the offenses are part of one or more courses of conduct, the harm is so caused or great or unusual a single prison term will not adequately reflect

the seriousness of the offense, and your criminal history demonstrates consecutive sentences are necessary.

**{¶22}** Sent. Tr. 58.

**{¶23}** At the sentencing hearing and in the judgment entry, the trial court found R.C. 2929.14(C)(4)(b) and (c) applied. We find the trial court made the findings required to impose consecutive sentences.

**{¶24}** Appellant also argues the record does not support the trial court's findings. He argues the record demonstrates he has substantial breathing and cardiac health issues, and is in treatment for drug addiction, making recidivism unlikely.

**{¶25}** The trial court acknowledged Appellant's health problems and engagement in drug treatment. However, the trial court also took note of Appellant's past criminal history. In West Virginia, Appellant was convicted of conspiracy in 2003 and of conspiracy to deliver a schedule four controlled substance in 2013. Appellant was convicted of theft in Guernsey County in 2014. Appellant was convicted of aggravated trafficking in Guernsey County in 2020, served a prison sentence, and was released in

April of 2022.  Slightly over two years after he was released from jail for aggravated trafficking, Appellant was again charged with aggravated trafficking.  We do not clearly and convincingly find the record does not support the trial court's consecutive sentencing findings.

{¶26} The second assignment of error is overruled.

{¶27} For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed.

{¶28} Costs to Appellant.

By: Hoffman, J.

Montgomery, P.J. and

Baldwin, J. concur.